IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CV-186-FL

| | |
|---|---|
| CARLOS A. ALFORD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TERESA HEATH, Social Worker; JAMES )<br>LATERZA, Director of Fayetteville VA; )<br>MICHAEL HEIMALL, Director of VA; )<br>DANIEL L DUCKER, Director of )<br>Fayetteville North Carolina Medical Center; )<br>GEORGE TIPTON, Fayetteville North )<br>Carolina Manager of EEO; CHRISTIAN )<br>ANN, Fayetteville North Carolina )<br>Occupational Therapy Manager; DR )<br>KANEETHA, in charge of All Certified )<br>Peer Support Specialist for North Carolina; )<br>MR WILKIE, Secretary of Veterans )<br>Affairs; AKIL AABID, Assistant Manager; )<br>and ROBERT J. HIGDON, JR., US District )<br>Attorney, )<br>)<br>Defendants. ) | ORDER |

This matter is before the court for review of plaintiff's pro se amended complaint pursuant to 28 U.S.C. § 1915(e).[1] United States Magistrate Judge Kimberly A. Swank entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended that plaintiff's amended complaint be dismissed in part and allowed to proceed in part. Plaintiff did not file objections to the M&R, and

---

[1] On March 2, 2020, after plaintiff filed an amended complaint and "EEOC notice of right to sue," (DE 19, 20), the court referred this matter again to the magistrate judge to conduct frivolity review of plaintiff's amended complaint, pursuant to 28 U.S.C. § 1915.

the time within which to make any objection has expired.  In this posture, the issues raised are ripe for ruling.

Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Because no objections have been filed, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R.  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Here, the magistrate judge recommends that plaintiff's purported ADA claim, properly construed as a Rehabilitation Act claim, against the Department of Veterans Affairs[2] be allowed to proceed but that his remaining Title VII claim against the Department of Veterans Affairs and all of his claims against individuals be dismissed.

Upon careful review of the M&R, the court finds the magistrate judge's analysis to be thorough, and there is no clear error.  See 42 U.S.C. § 2000e-2 (covering only discrimination on the basis of "race, color, religion, sex, or national origin"); Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) (explaining that neither Title VII nor the ADA provides for actions against individual defendants for violation of its provisions); cf. Hooven-Lewis v. Caldera, 249 F.3d 259, 268 (4th Cir. 2001) ("The standards used to determine whether an employer has discriminated under the Rehabilitation Act are the standards applied under the Americans with Disabilities Act

---

[2] The Rehabilitation Act sets forth that "[t]he remedies, procedures, and rights set forth in . . . 42 U.S.C. [§] 2000e-16 . . . shall be available, with respect to any complaint under section 791 of this title, to any employee or applicant for employment aggrieved by the final disposition of such complaint." 29 U.S.C. § 794a(a)(1). 42 U.S.C. § 2000e-16(c) states that in claims of employment discrimination on the part of federal government, "the head of the department, agency, or unit . . . shall be the defendant." Accordingly, the court interprets pro se plaintiff's reference in his amended complaint to a Michael S. Heimall, described by plaintiff as the Director of Veterans Affairs, as an attempted reference to Robert Wilkie, the current Secretary of Veterans Affairs, who plaintiff did reference in one of his numerous proposed amended complaints, (see Proposed Fourth Amended Compl. (DE 6)), and who would be the proper defendant to this action.

2

of 1990.") The court hereby ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, plaintiff's Title VII claim against the Department of Veterans Affairs and all other claims against individual defendants are DISMISSED WITHOUT PREJUDICE. The court allows plaintiff's Rehabilitation Act claim against the Department of Veterans Affairs to proceed, specifically as a claim against Robert Wilkie, Secretary of Veterans Affairs. Where plaintiff's Rehabilitation Act claim survives frivolity review under 28 U.S.C. § 1915(e)(2)(B), the clerk is DIRECTED to serve plaintiff's complaint by a United States marshal or deputy marshal in accordance with Rule 4(c)(3).

SO ORDERED, this the 6th day of November, 2020.

LOUISE W. FLANAGAN
United States District Judge