IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CV-186-FL

| | | |
|---|---|---|
| CARLOS A. ALFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DENIS MCDONOUGH, Secretary of Veterans Affairs, | ) ) ) | |
| | ) | |
| Defendant.[1] | ) | |

This matter is before the court on defendant's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), (DE 42), and on plaintiff's motion for leave to amend his complaint (DE 49). The motions have been briefed fully, and in this posture the issues raised are ripe for ruling. For the following reasons, defendant's motion is granted, and plaintiff's motion is denied.

## STATEMENT OF THE CASE

Plaintiff commenced this disability discrimination action on September 23, 2019, by moving for leave to proceed in forma pauperis.[2] Magistrate Judge Kimberly A. Swank allowed plaintiff to proceed in forma pauperis and, on frivolity review, recommended that portions of

---

[1] The court notes automatic substitution of former-defendant Robert Wilkie, who "cease[d] to hold office while the action [was] pending," with "[t]he officer's successor," Denis McDonough. Fed. R. Civ. P. 25(d).

[2] Plaintiff has litigated a number of other cases in this district, some, but not all, related to his military service, records, and veteran status: 7:09-CV-56-BO (closed July 23, 2010); 7:11-CV-4-BO (closed March 29, 2011); 7:11-CV-38-BR (closed February 21, 2012); 7:11-CV-81-D (closed May 29, 2012); 7:12-CV-257-FL (closed October 23, 2012); 7:12-CV-273-BR (closed March 14, 2013); 7:12-CV-294-F (closed June 11, 2013); 7:13-CV-15-D (closed January 10, 2014); 7:13-CV-112-D (closed August 14, 2013); 7:14-CV-195-D (closed June 23, 2015); 7:16-CV-3-BO (closed January 12, 2016); 7:16-CV-8-D (closed September 20, 2016); 7:19-CV-140-FL (commenced July 31, 2019, allowed to proceed with 10 U.S.C. § 1552 and Administrative Procedure Act claims against Secretary of the Navy, on February 11, 2021); 7:20-CV-31-D (closed March 18, 2021).

plaintiff's claims, construed as arising under the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., be allowed to proceed against the Secretary of Veterans Affairs, the head of the relevant federal agency, but that plaintiff's other claims be dismissed without prejudice.[3] The court adopted that recommendation by November 6, 2020, order.

As allowed to proceed by that order, plaintiff claims, under the Rehabilitation Act, that he was discriminated against in his volunteer position with a Veterans Health Administration hospital by wrongful termination after disclosing his mental illness and substance abuse and by denial of a different but similar paid position on the same grounds. Plaintiff seeks between $1.5 and $2.5 million in compensatory damages and reinstatement to his position.

Thereafter, defendant filed the instant motion to dismiss plaintiff's complaint for failure to state a claim, to which plaintiff filed multiple documents in response. After defendant's reply in support of his motion, plaintiff moved for leave to amend his complaint, which defendant opposes.

## STATEMENT OF FACTS

The facts alleged in the operative amended complaint may be summarized as follows.[4]

Plaintiff asserts that he was hired by defendant in May 2019 as a "Volunteer Certified Peer Support Specialist." (Compl. (DE 22) at 4). Plaintiff revealed to a supervisor of the volunteer peer support program "information about combat mental [illness] and substance abuse that has been in remission for 20 years." (Id.). Shortly after he was "fired," (id.), allegedly on the basis of this

---

[3] The magistrate judge initially entered memorandum and recommendation recommending that plaintiff's complaint be dismissed without prejudice. (M&R (DE 17) at 5). However, after subsequent filings by plaintiff that the court construed as a motion for leave to amend, (see, e.g., (DE 18, 19, 20)), the court referred the matter to the magistrate judge for further frivolity review, (March 6, 2020, Order (DE 21)), after which the magistrate judge made the recommendation described above.

[4] Plaintiff's operative complaint is the consolidated pleading filed March 6, 2020, at the direction of the court that same day. (See March 6, 2020, Order (DE 21) at 1; Am. Compl. (DE 22)). Accordingly, the court references "Compl." to mean that operative complaint, for ease of reference.

2

information and because he had received "an [o]ther [t]han [h]onorable" discharge that was later upgraded to an "[h]onorable" discharge. (Id. at 13).

Additionally, although it is not perfectly clear from plaintiff's complaint, he, at some point, applied to other paid peer support positions outside of North Carolina, for which he was not hired. (Id. at 9, 31; Peer Support Apprentice Position Posting (DE 22-1) at 1; Equal Employment Opportunity ('EEO') Counselor Report (DE 22-8) at 2).[5] It is not clear whether this took place on August 30, 2019, the most commonly cited date of discrimination by plaintiff, (see, e.g., Compl. (DE 22) at 4, 9), or whether the allegedly discriminatory failure to hire took place earlier in 2019, (see, e.g., Compl. (DE 22) at 31; EEO Counselor Report (DE 22-8) at 2).

Sometime after, on either September 1, 2019, (see Compl. (DE 22) at 4), or September 4, 2019, (EEO Counselor Report (DE 22-8) at 1), plaintiff initiated contact with a counselor in defendant's Office of Resolution Management. (See EEO Counselor Report (DE 22-8) at 1). Thereafter, on October 30, 2019, plaintiff and representatives of defendant engaged in informal alternative dispute resolution in the form of a mediation. (Compl. (DE 22) at 13; EEO Counselor Report (DE 22-8) at 4). A resolution was not reached, (see Compl. (DE 22) at 14; EEO Counselor Report (DE 22-8) at 4), and plaintiff was notified of his right to file a formal complaint on November 4, 2019, (EEO Counselor Report (DE 22-8) at 1) and sent that notice by email on November 13, 2019, (id. at 4), which plaintiff received November 19, 2019. (Compl. (DE 22) at 31).

---

[5] Per Federal Rule of Civil Procedure 10(c), the EEO counselor's report, as "[a] copy of a written instrument that is an exhibit to a pleading," is treated "as part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Further, the date of a complaint is not the type of "self-serving, exculpatory statement[] that [is] unlikely to have been adopted by the plaintiff" that would caution against treating the EEO counselor's report as adopted by plaintiff to extent referenced herein. See Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 167-68 (4th Cir. 2016).

On November 5, 2019, plaintiff filed his formal complaint of discrimination with defendant's Office of Resolution Management. (Jan. 15, 2020, EEO Letter (DE 22-16) at 1).[6] His complaint was dismissed on January 15, 2020, because plaintiff had already filed suit in the instant matter. (Id. at 3).

**DISCUSSION**

A.　　Defendant's Motion to Dismiss

　　1.　　Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (quotations omitted).

　　2.　　Analysis

The Rehabilitation Act "prohibits, among other things, discrimination on the basis of disability 'under any program or activity conducted by any Executive agency.'" Lane v. Pena, 518 U.S. 187, 189 (1996) (citing 29 U.S.C. § 791) (quoting 29 U.S.C. § 794(a)); Irwin v. Dep't of

---

[6]　　For the same reasons the court treats the EEO counselor's report (DE 22-8) as adopted by plaintiff, insofar as it includes dates certain for administrative filings, the court, too, treats the January 15, 2020, EEO letter to plaintiff as adopted by him, in regard to its delineation of dates of filing, due to its attachment to his pleadings (DE 22-16) and his reference thereto, (see (DE 22-17) at 1).

4

Veterans Affs., 498 U.S. 89, 91 (1990); see also Hooven-Lewis v. Caldera, 249 F.3d 259, 268 (4th Cir. 2001) ("The standards used to determine whether an employer has discriminated under the Rehabilitation Act are the standards applied under the Americans with Disabilities Act of 1990.").

The Rehabilitation Act provides that "[t]he remedies, procedures, and rights set forth in . . . 42 U.S.C. [§] 2000e-16 . . . shall be available, with respect to any complaint under section 791 of this title, to any employee or applicant for employment aggrieved by the final disposition of such complaint." 29 U.S.C. § 794a(a)(1); Stewart v. Iancu, 912 F.3d 693, 698 (4th Cir. 2019) ("Rehabilitation Act claims must comply with the same administrative procedures that govern federal employee Title VII claims." (quotation omitted)). Section 2000e-16 requires that the aggrieved federal employee file a civil action "[w]ithin 90 days of receipt of notice of final action taken by" a federal agency or 180 days after "filing of the initial charge" with the agency in absence of final agency action. 42 U.S.C. § 2000e-16(c).

Such civil action may only be filed "as provided in section 2000e-5" of Title 42 of the United States Code, 42 U.S.C. § 2000e-16(c), which requires that plaintiffs exhaust their administrative remedies by a "charge-filing requirement." See Fort Bend County v. Davis, 139 S. Ct. 1843, 1850-51 (2019); Pueschel v. United States, 369 F.3d 345, 353 (4th Cir. 2004) (explaining that Title VII "requires that federal employees exhaust their administrative remedies prior to commencing such an action").

Further, regulations "reinforc[ing] Section 2000e-16" have been promulgated by the Equal Employment Opportunity Commission ("EEOC") and "govern the process for filing a civil action based on employment discrimination." Stewart, 912 F.3d at 698; see also 29 C.F.R. § 1614.103(a) ("[I]ndividual . . . complaints of employment discrimination . . . prohibited by . . . the Rehabilitation Act . . . shall be processed in accordance with this part."). The regulations require that "aggrieved

5

persons who believe they have been discriminated against . . . consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a)(1). Accordingly, the "alternative dispute resolution" procedure provided for in section 1614.105(b)(2) is distinct from the complaint imagined by section 1614.106. See id. § 1614.106 (requiring that "[a] complaint must be filed with the agency that allegedly discriminated against the complainant" and must be done so "within 15 days of receipt of the notice required by § 1614.105 (d), (e) or (f)").

Here, as to either basis for his disability discrimination claim, the alleged wrongful termination from a volunteer position or the failure to hire, plaintiff has failed to satisfy the exhaustion requirements and therefore either claim is subject to dismissal under Rule 12(b)(6). See Pueschel, 369 F.3d at 353; Stewart, 912 F.3d at 698; see, e.g., Song v. Becerra, No. 20-1554, 2021 WL 3732961, at *2 (4th Cir. Aug. 24, 2021).

First, to the extent that plaintiff was not hired for positions applied to "early in 2019," the initiation of the § 1614.105(b)(2) proceedings in September 2019 would be untimely under 20 C.F.R. § 1614.105(a)(1). (Compl. (DE 22) at 4, 31; see EEO Counselor Report (DE 22-8) at 1, 2 (relying on an April 17, 2019 date); see also Green v. Brennan, 578 U.S. 547, 553 (2016) ("To exhaust those remedies, the . . . EEOC[] has promulgated regulations that require, among other things, that a federal employee consult with an EEO counselor prior to filing a discrimination lawsuit."). Therefore, any claims of plaintiff based on allegedly discriminatory conduct taking place before July 18, 2019, 45 days before plaintiff's proffered date of initiation of the EEO process, are untimely and dismissed with prejudice as failing as a matter of law.

Further, those claims arising from allegedly discriminatory activity taking place after July 18, 2019, (see, e.g., Compl. (DE 22) at 4 (citing August 30, 2019, as the relevant date of

6

discrimination), were not administratively exhausted prior to plaintiff filing suit. Plaintiff filed suit in this court on September 23, 2019, but did not file his formal complaint with the defendant's EEO office until November 5, 2019. Therefore, plaintiff has not "exhaust[ed] [his] administrative remedies prior to commencing" the instant action, Pueschel, 369 F.3d at 353 (applying 42 U.S.C. § 2000e-16(c)), and, therefore, his Rehabilitation Act claims are subject to dismissal under Rule 12(b)(6). See, e.g., Song, 2021 WL 3732961, at *2.

Plaintiff does not dispute that he "filed his lawsuit before he filed his EEOC complaint." ((DE 47) at 2). Rather, he argues that when he "talked to the Supervisor of the EEOC, . . . he was trying to deny [plaintiff's] claim." (Id.). Even accepting this as true, there is not a recognized futility exception to Title VII and related statutory scheme's administrative exhaustion requirement. See, e.g., Talbot v. U.S. Foodservice, Inc., 191 F. Supp. 2d 637, 641 (D. Md. 2002) (holding that there is no "futility exception" to requirement that discrimination claimants exhaust their administrative remedies with the EEOC before bringing suit). Moreover, assuming such a futility exception did apply, the complaint does not make "a clear showing that an administrative agency has taken a hard and fast position that makes an adverse ruling a certainty," meaning that plaintiff's "prognostication that he is likely to fail before an agency is not a sufficient reason to excuse the lack of exhaustion." Thetford Properties IV Ltd. P'ship v. U.S. Dep't of Hous. & Urb. Dev., 907 F.2d 445, 450 (4th Cir. 1990); see also Nationsbank Corp. v. Herman, 174 F.3d 424, 430 (4th Cir. 1999) (explaining that even "mere agency misbehavior does not justify waiver").

Finally, plaintiff misconstrues Fort Bend County as holding that "the filing of a charge of discrimination with [the] EEOC is not a prerequisite to bringing a claim in [f]ederal [c]ourt." ((DE 47) at 2). In reality, the Supreme Court, while holding that Title VII's charge-filing requirement is not jurisdictional and is instead a mandatory processing rule, still recognized that such "a claim-

processing rule" is "'mandatory' in the sense that a court must enforce the rule if a party 'properly raise[s]' it." Fort Bend County, 139 S. Ct. at 1849, 1851 (quoting Eberhart v. United States, 546 U.S. 12, 19 (2005) (per curiam)).  Here, defendant properly raises the relevant rule, and thus the court must enforce the relevant administrative exhaustion requirement.

Because, plaintiff's claims fail as a matter of law, they are dismissed with prejudice, pursuant to Rule 12(b)(6).  See, e.g., Martin v. Duffy, 858 F.3d 239, 248 (4th Cir. 2017) (explaining that a dismissal should be with prejudice where it is clear that a "pleading deficiency cannot be cured by amendment of [plaintiff's] complaint").

B.      Plaintiff's Motion to Amend

Plaintiff seeks leave to amend on the basis that "defendant[] never intended to negotiate with [p]laintiff in good faith" and that he "anticipated that the Director EEO . . . would interfere with the [negotiation] which he did." (Pl.'s Mot. (DE 49) at 1).

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although the court "should freely give leave [to amend] when justice so requires," it may deny a motion for leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (noting "repeated failure to cure deficiencies by amendments previously allowed" as an additional reason to deny motion for leave to amend).  With respect to futility, the court may deny leave to amend "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011).

8

Plaintiff's motion for leave to amend must be denied as futile.[7] The bases cited by plaintiff as meriting further amendment are those rejected by the court above as failing to state a claim — that is, that plaintiff properly exhausted his administrative remedies because further administrative proceedings were futile. Therefore, this amendment, too, fails to state a claim under the applicable rules and accompanying standards, meaning the court must deny plaintiff's motion for leave.

## CONCLUSION

Defendant's motion to dismiss (DE 42) is GRANTED. Plaintiff's claims are DISMISSED WITH PREJUDICE. Plaintiff's motion for leave to amend (DE 49) is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 13th day of December, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[7] To the extent plaintiff's "Opposition to Motion to Dismiss" ((DE 46) at 1) raises the Administrative Procedure Act ("APA") as a possible basis for a claim, (see id. at 6 (quoting Veterans for Common Sense v. Nicholson, No. C-07-3758 SC, 2008 WL 114919, at *4 (N.D. Cal. Jan. 10, 2008))), that amendment would be futile as well. An APA cause of action is available where there is a reviewable "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704; see also Bowen v. Massachusetts, 487 U.S. 879, 903 (1988) ("[Section 704] makes it clear that Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."). Here, plaintiff had access to a remedy through defendant's EEO complaint-processing mechanism, but failed to exhaust it fully before filing suit.